GUIDRY, Judge.
Plaintiff, Tammy Frederick, appeals the trial court’s judgment in favor of defendant, Chester Frederick, her former husband, dismissing her rule for back due child support and contempt. The trial court ruled that, by receiving Aid to Families with Dependent Children (AFDC) benefits and thereby assigning her right to receive such support payments from Chester to the State of Louisiana, Department of Social Services (DSS), she had no right to sue for the alleged ar-rearages. With the acquiescence of DSS, Chester’s support obligation was suspended from January, 1991 through May, 1992 because he suffered a work-related injury which rendered him totally disabled for that period. It is this unpaid obligation, which totals $4,250, that Tammy now seeks to collect.
For the following reasons, we affirm the judgment of the trial court in favor of Chester.

FACTS

The parties were legally separated by judgment on September 1, 1989. This judgment obliged Chester to pay $250 per month to Tammy for the support of their two minor children. On July 18, 1990, Chester agreed as part of a consent judgment to assign $250 of his income monthly to DSS pursuant to La.R.S. 46:236.3. Thereafter, his support obligation was deducted from his paycheck by his employer and sent directly to DSS. Apparently, at this time, Tammy was receiving AFDC benefits, the receipt of which acts as an automatic assignment to DSS of the right to collect support payments.
Sometime in January, 1991, Chester was injured at work. He did not return to work until June 1, 1992. During the intervening 17 month period, he was unable to pay his support obligation to DSS and fell into arrears. DSS initially filed a rule for contempt and sought a money judgment against Chester for past due amounts. DSS later changed its position on the matter and, on October 1,1992, moved to amend the consent judgment to “suspend the collection of ongoing child support from January 1, 1991 through May 31, 1992”. Judgment suspending Chester’s obligation for this period in accordance with the DSS motion was signed on that date.
On December 17,1992, Tammy filed a rule for back due child support and contempt against Chester. The pleading urged that Chester was, with the exception of two payments totalling $244, in arrears for $8,756, representing payments owed during the three-year period from January, 1990 through December, 1992.
On March 11, 1993, the trial court rendered a stipulated judgment on Tammy’s rule which cast Chester in judgment for $1,660.70 in arrearages. This amount represented unpaid obligations which accrued after May 31, 1992. The consent judgment, which was signed on March 18, 1993, specifically reserved to Tammy for a full hearing the issue of whether Tammy had the right to collect the $4,250 arrearages which accumulated during the period of Chester’s disability.
On March 23, 1993, Tammy filed a supplemental and amending petition naming DSS as a party defendant. Therein, she alleged that she was no longer receiving AFDC benefits from DSS.
*571 The trial court rendered written reasons for judgment on April 29,1993 denying Tammy’s rule to collect the $4,250. The court reasoned that, pursuant to La.R.S. 46:236.-1(E)(1), Tammy’s receipt of AFDC constituted an assignment to DSS of her right to receive child support payments from Chester. His obligation to pay, the court opined, was to DSS, which had consented to the suspension of his support payments during the time period at issue. Thus, the trial court concluded that Tammy had no right to claim the amount as arrearages because she received AFDC during the period for which enforcement of Chester’s obligation was sought.
The trial court signed a judgment in accordance with these reasons on May 18, 1993. From this judgment, Tammy appeals.

OPINION

It is undisputed that Tammy received AFDC benefits from DSS during the period from January 1, 1991 through May 31, 1992. The value of such benefits and the frequency of their receipt is not determinable from the record.
La.R.S. 46:236.1(E)(1) and (2) provides as follows:
E. (1) By accepting AFDC for or on behalf of himself or another individual, the applicant or recipient shall be deemed, without the necessity of signing any document, to have made an assignment to the department of his entire right, title, and interest to any support obligation such applicant or recipient may have in his own behalf or on behalf of any family member for whom the applicant is applying for or receiving AFDC which has accrued at the time of the certification for AFDC and which accrues during the time AFDC is furnished. The assigned support rights shall constitute an obligation owed to the department by the person responsible for providing such support, and said obligation shall be established by an order of a court of competent jurisdiction, and the department may thereafter collect by appropriate process any outstanding debt thus created. Voluntary child support payments made to the applicant or recipient at the time of certification for AFDC or during the time AFDC is furnished shall be deemed to have been assigned to the department, unless such assignment is contrary to a valid court order. The department may thereafter collect such support payments by appropriate process.
(2) The applicant or recipient shall also be deemed, without the necessity of signing any document, to have consented to the designation of the department as payee in an initial or amended order of support and to have appointed the SES program administrator as his or her true and lawful attorney-in-fact to act in his or her name, place, and stead to perform the specific act of endorsing any and all drafts, checks, money orders, or other negotiable instruments representing support payments which are received on behalf of such individual or his caretaker. The department shall be an indispensable party to any proceeding involving a support obligation or arrearages owed under this Section. The provisions of this Section shall apply retrospectively to all support rights assigned, whether by written assignment or by operation of law, prior and subsequent to October 1, 1981.
This statute makes it clear that the acceptance of AFDC, by operation of law, effects an assignment to DSS of the “... entire right, title, and interest to any support obligation ...” owed the applicant. Contrary to Tammy’s argument, this clear language evidences more than a mere subrogation of rights by operation of law. By accepting AFDC, Tammy not only transferred her entire right to receive support payments to DSS, she also transferred Chester’s obligation to pay to DSS subject to the establishment of this obligation by court order. In effect, DSS assumed the position of obligee as to Chester’s child support obligation.
Although DSS acquiesced in the suspension of Chester’s obligation during his period of disability, it continued to pay AFDC to Tammy during this period. Because she received AFDC during this period, she clearly now has no right to seek alleged child support arrearages to which the true obligee, *572 DSS, consented to suspend and makes no demand to recover.
For the above and foregoing reasons, the trial court judgment is affirmed. All costs are assessed to plaintiff-appellant, Tammy Frederick.
AT r iKiVUiD.